[800 NYS2d 624]

In the Matter of DESMOND Q. MARTIN (Admitted as DESMOND QUINBY MARTIN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 6, 2005

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Diane J. Szochet* of counsel), for petitioner.

*Richard E. Grayson*, White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition containing 14 charges of professional misconduct, including conversion, commingling, failing to properly safeguard funds entrusted to him, and improperly advancing financial assistance to clients. The respondent acknowledges his inability to successfully defend himself on the merits against those charges.

The respondent avers that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

The proffered resignation is submitted subject to any application which could be made by the petitioner to direct that he make restitution and reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). The respondent acknowledges the continuing jurisdiction of the Court to make such an order and is aware that any order issued pursuant to that statute could be entered as a civil judgment against him. The respondent specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The petitioner submits that the proffered resignation should be accepted.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted and, effective immediately, the respondent is disbarred, and his name is stricken from the

roll of attorneys and counselors-at-law. The previously authorized disciplinary proceeding against the respondent is discontinued in light of his resignation.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and SKELOS, JJ., concur.

Ordered that the resignation of Desmond Q. Martin, admitted as Desmond Quinby Martin, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Desmond Q. Martin, admitted as Desmond Quinby Martin, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Desmond Q. Martin, admitted as Desmond Quinby Martin, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Desmond Q. Martin, admitted as Desmond Quinby Martin, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Desmond Q. Martin, admitted as Desmond Quinby Martin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated April 8, 2005, is discontinued.